UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORREY MITCHELL,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MATTHEW ATCHELY, et al.,<br><br>　　　　Respondents. | Case No. 23-cv-03455-JST<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: ECF No. 2 |

Petitioner filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court DISMISSES this petition as second or successive within the meaning of 28 U.S.C. § 2244(b)(2), and DENIES a certificate of appealability. The Court GRANTS Petitioner leave to proceed *in forma pauperis*. ECF No. 2.

## BACKGROUND

**I.    Petitioner's Underlying Conviction and Sentence**

On March 24, 2004, Petitioner was convicted of robbery, assault and carjacking (Cal. Penal Code §§ 211, 236, 245(b)) in Los Angeles County Superior Court. ECF No. 1-1 at 4. Petitioner was initially sentenced to a term of 191 years to life as a "third strike" offender. *People v. Mitchell*, 131 Cal.App.4th 1210, 1214, 1217 (Cal. Ct. App. 2005); ECF No. 1-1 at 4. On August 7, 2004, Petitioner was re-sentenced to 207 years to life pursuant to Cal. Penal Code § 1170(D). ECF No. 1-2 at 28-29; ECF No. 1-3 at 2-14. On August 11, 2005, the California Court of Appeals denied Petitioner's direct appeal and affirmed the conviction and sentence. ECF No. 1-1 at 8. On November 16, 2005, the California Supreme Court denied the petition for review. ECF No. 1-1 at 8.

/ / /

**II.     Petitioner's State Court Collateral Proceedings**

Petitioner filed a habeas petition in Los Angeles County Superior Court, challenging his conviction and sentence on the grounds that the minute order and abstract of judgment were in error and he had never received a record of sufficient completeness. The petition was denied on February 7, 2019. ECF No. 1-1 at 9. Petitioner then filed a habeas petition in the California Court of Appeals, challenging his conviction and sentence on the grounds that he had never received a record of sufficient completeness and that counsel had been ineffective. ECF No. 1-1 at 9. The petition was denied on July 3, 2019. ECF No. 1-1 at 9; ECF No. 1-2 at 28. On or about August 16, 2019, Petitioner filed a habeas petition with the California Supreme Court, challenging his conviction and sentence on the following grounds: (1) his rights under the Due Process Clause and the Equal Protection Clause were violated by the state court's failure to "employ the fact-finding imperative of habeas corpus" when considering his habeas petition; (2) the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") is without authority to execute the judgment because the abstract of judgment and minute order are not "properly executed;" (3) trial counsel was ineffective because he "usurped control of Petitioner's Sixth Amendment -- secured autonomy" and appellate counsel was ineffective for having the state appellate court review the recalled sentence instead of the actual sentence imposed; (4) the two prior convictions used as strikes are constitutionally infirm; (5) the abstract of judgment and minute order are in error; and (6) the court-ordered restitution is in error because the state trial court failed to determine Petitioner's ability to pay. ECF No. 1-1 at 22-31; ECF Nos. 1-2, 1-3; ECF No. 1-4 at 1-11. On June 10, 2020, the California Supreme Court summarily denied the petition. ECF No. 1-4 at 25. Petitioner filed a request for reconsideration of the California Supreme Court's denial, which was return unfiled because the denial was final and could not be reconsidered. ECF No. 1-4 at 27.

In his August 2019 state habeas petition filed with the California Supreme Court, Petitioner also reports filing an additional state habeas petition in Monterey County Superior Court. ECF No. 1-1 at 9. That petition is not in the record and the Court cannot determine what arguments were raised in this petition.

Petitioner also reports filing a state habeas petition in Los Angeles County Superior Court, challenging his conviction on the following grounds: res judicata, collateral estoppel, judicial estoppel, the CDCR is "executing arbitrary multiple sentences," and violation of state and federal due process. On either September or October 9, 2022, the petition was dismissed. ECF No. 1 at 4. Petitioner filed the same habeas petition with the California Supreme Court, which was denied on November 30, 2022. ECF No. 1 at 4.

### III. Prior Federal Habeas Proceedings

#### A. Central District of California C No. 2:08-cv-02747-CAS-FFM, *Mitchell v. Adams* ("*Mitchell I*")

On or about April 28, 2008, Petitioner filed a federal habeas petition in the Central District of California, challenging his 2004 conviction and sentence. C No. 2:08-cv-02747-CAS-FFM, *Mitchell v. Adams* ("*Mitchell I*"), ECF No. 1. In *Mitchell I*, Petitioner challenged his conviction and sentence on the following grounds: (1) the playing of a police dispatch tape that included statements from individuals who did not testify at Petitioner's trial violated the Sixth and Fourteenth Amendment right to confront witnesses; (2) the trial court's imposition of consecutive sentences and upper terms based on facts not found by the jury beyond a reasonable doubt violated Petitioner's right to a jury trial and his due process rights; (3) trial counsel was ineffective for failing to performing a reasonable investigation prior to trial and for wrongfully conceding that the dispatch constituted a business record; (4) appellate counsel was ineffective for failing to raise all meritorious claims on appeal; and (5) the state superior court violated Petitioner's due process rights by ruling on his habeas petition without appointing counsel for Petitioner at a hearing and without allowing Petitioner to file a reply. *Mitchell I*, ECF Nos. 1, 38. On January 10, 2012, the petition was denied on the merits. *Mitchell I*, ECF Nos. 43, 44. Petitioner appealed the denial and requested a certificate of appealability. *Mitchell I*, ECF No. 47. The appeal was assigned case number 9th Cir. C No. 12-55228. *Mitchell I*, ECF No. 49. On February 14, 2013, the Ninth Circuit Court of Appeals denied the request for a certificate of appealability. *Mitchell I*, ECF No. 50. On October 14, 2020, Petitioner filed a second notice of appeal in *Mitchell I*, requesting a certificate of appealability on the grounds that his "second sentence" had never been reviewed,

and stating that he was unable to bring this challenge to his sentence until February 27, 2019, when he finally secured a copy of the sentencing transcripts related to his second abstract of judgment. *Mitchell I*, ECF No. 52. This challenge was based on Petitioner's claim that he was incorrectly resentenced a second time on August 17, 2004, to a sentence in excess of his initial sentence; that the state court record fails to adequately reflect the August 17, 2004 sentence and judgment; and that Petitioner has therefore been unable to seek review of the August 17, 2004 sentence and judgment. *Mitchell I*, ECF No. 52. On November 13, 2020, the Ninth Circuit Court of Appeals dismissed this second notice of appeal as duplicative of the closed appeal 9th Cir. C No. 12-55228.

### B. Central District of California C No. 2:20-cv-08636-CAS-JPR, *Mitchell v. Atchley* ("*Mitchell II*")

On or about September 18, 2020, Petitioner filed another federal habeas petition in the Central District of California, again challenging his 2004 conviction and sentence. C No. 2:20-cv-08636-CAS-JPR, *Mitchell v. Atchley* ("*Mitchell II*"), ECF Nos. 1, 2. In *Mitchell II*, Petitioner challenged his conviction and sentence on the following grounds: (1) his judgment has never been reviewed, in violation of his Fourteenth Amendment right to due process and equal protection of the law because the state appellate and collateral proceedings that have occurred only reviewed the initial judgment which has been superseded by the amended judgment issued after the August 17, 2004 resentencing; (2) his legal aggregate sentence was recalled and he was sentenced a second time in violation of the legislative maximum, in violation of the Fifth Amendment's prohibition against double jeopardy; (3) trial counsel was ineffective for conceding to the jury, over Petitioner's objection, the actus reus of a charged offense; and (4) the Three Strikes Law was incorrectly applied because the two prior convictions applied as strikes arise out of incidents that happened when Petitioner was sixteen and nineteen years old, in violation of the Equal Protection Clause. *Mitchell II*, ECF Nos. 1, 2. The first and second claims are based on Petitioner's claim that he was initially sentenced on June 24, 2004, and then incorrectly resentenced a second time on August 17, 2004 to a sentence in excess of his initial sentence; that the state court record failed to adequately reflect the August 17, 2004 sentence and judgment; and that Petitioner has therefore

been unable to seek review of the August 17, 2004 sentence and judgment until he obtained a copy of the second judgment in 2019. *Mitchell II*, ECF No. 2. On September 25, 2020, *Mitchell II* was summarily denied as second or successive to *Mitchell I*. *Mitchell II*, ECF No. 4. Petitioner appealed this dismissal to the Ninth Circuit Court of Appeals, and requested a certificate of appealability. *Mitchell II*, ECF No. 7. On January 14, 2020, the Ninth Circuit Court of Appeals denied the request for a certificate of appealability. *Mitchell II*, ECF No. 9.

    C.    **Northern District of California C No. 4:21-cv-06176-JST, *Mitchell v. Atchley* ("*Mitchell III*")**

On or about August 10, 2021, Petitioner filed a habeas petition in this district challenging his 2004 sentence. C No. 21-cv-06176 JST, *Mitchell v. Atchley* ("*Mitchell III*"). The Court screened the petition; found that the petition raised the single claim that the failure to grant a Proposition 57 parole hearing violated the federal Equal Protection Clause and Due Process Clause; and dismissed the petition for lack of habeas corpus jurisdiction because success on this claim would not shorten or end Petitioner's sentence. *Mitchell III*, ECF No. 7 at 2. Petitioner filed a motion for reconsideration of the dismissal, arguing that the Court only considered one of his three claims for federal habeas relief. *Mitchell III*, ECF No. 9. The Court granted Petitioner's motion for reconsideration and reopened the case. *Mitchell III*, ECF No. 10. The Court found that the petition stated three cognizable claims for relief. In addition to the Proposition 57 claim already dismissed by the Court, the petition also presented the following two claims: (1) the CDCR had changed Petitioner's sentence without authority and (2) Petitioner's abstract of judgment and minute order were both in error. *Mitchell III*, ECF No. 10 at 2-3. At the screening stage, the Court dismissed the latter claim with prejudice because the claim involved a state procedural error that had no bearing on the fundamental fairness of the trial and the error did not violate any federal constitutional or statutory provision. *Mitchell III*, ECF No. 10 at 3. The Court ordered Respondent to show cause why Petitioner was not entitled to relief on the claim that the CDCR increased Petitioner's sentence without authority. *Mitchell III*, ECF No. 10 at 4. On September 28, 2023, the Court granted Respondent's motion to dismiss, finding that the claim that CDCR incorrectly calculated Petitioner's sentence failed to state a cognizable federal habeas claim

5

because success on this claim would not necessarily shorten Petitioner's sentence; and also denied a certificate of appealability. *See generally Mitchell III*, ECF No. 17. On October 13, 2023, Petitioner appealed the dismissal and requested a certificate of appealability. *Mitchell III*, ECF No. 19.

## DISCUSSION

### I. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### II. Second or Successive Petitions

A federal habeas petition is "second or successive" within the meaning of § 2244 "if the facts underlying the claim occurred by the time of the initial petition, [] and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and *Magwood v. Patterson*, 561 U.S. 320, 333 (2010)); *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (habeas petition second or successive if raises claims that were or could have been adjudicated on merits in prior petition). "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th Cir. 2020) (district court is "without power" to entertain second or successive petition unless petitioner first receives authorization from court of appeals).

**III.    Petition**

Petitioner describes this petition as challenging "the due process and procedures used by the Supreme Court in S527308 on 6/10/20 (S277047), and on 11/30/22." ECF No. 1 at 2, 3. Petitioner argues that (1) Respondent violated due process when, in state collateral proceedings, he asserted contradictory facts regarding whether Petitioner's sentence is authorized and he asserted legal arguments that are blocked by the doctrines of res judicata and estoppel; (2) the CDCR is executing multiple unauthorized and arbitrary sentences, which constitutes cruel and unusual punishment; and (3) he has been denied equal protection of the laws and due process because he has been denied writ relief and appellate review of his second judgment. ECF No. 1 at 5-6; ECF No. 1-1 at 10-20.

**IV.    Analysis**

This petition must be dismissed as second or successive. In this action, Petitioner is challenging his 2004 conviction and sentence from Santa Clara County Superior Court. Petitioner has filed at least three federal habeas petitions challenging this conviction and sentence: *Mitchell I*, *Mitchell II*, and *Mitchell III*. The claims in this action are variations upon the claims raised in *Mitchell II* and *Mitchell III*. The claims raised herein are based upon the premise that the August 7, 2004 amended abstract of judgment reflecting Petitioner's re-sentencing to 207 years to life (from the initial 191 years to life) is a separate and second sentence and judgment. *See generally* ECF No. 1. This allegation is also the basis for Petitioner's claims in *Mitchell II* and *Mitchell III*. Petitioner cannot avoid the bar on second and successive petitions by raising already rejected claims in new state court habeas petitions, and then filing federal habeas petitions that purportedly

7

challenge the state court decisions. The challenge to the state court denials of Petitioner's recent state habeas petitions are merely an attempt to re-litigate claims that were raised and denied in prior federal court habeas proceedings. In other words, while Petitioner claims he is challenging the state court decisions as denying him due process and equal protection of the laws, his actual claim is that his custody is in violation of the Due Process and Equal Protection Clauses and that the state court erred in denying him relief on these claims.

Because Petitioner is (1) challenging the same conviction and sentence as challenged in *Mitchell II* and *Mitchell III*; (2) the facts underlying the claims in this action had occurred by the time of *Mitchell II* and *Mitchell III*; and (3) the claims raised here are variations upon claims raised in *Mitchell II* and *Mitchell III*, this petition is second or successive within the meaning of 28 U.S.C. § 2244(b) and must be dismissed. 28 U.S.C. § 2244(b); *Brown*, 889 F.3d at 667; *Woods*, 525 F.3d at 888. Petitioner must first obtain authorization from the Ninth Circuit Court of Appeals before the Court can consider this petition.

To the extent that Petitioner is using this petition as a *de facto* appeal of the California Supreme Court's decisions issued on June 10, 2020 and on November 30, 2022,[1] the *Rooker-Feldman* doctrine provides that lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (*Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.").

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of

---

[1] If, however, Petitioner is alleging in this action that the state court's denial of habeas relief in 2020 and 2022 has left him in custody in violation of the Constitution or laws or treaties of the United States, while the Court would have federal jurisdiction over this type of claim, the Court is barred from considering the claim because the petition is second or successive.

appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.  *Id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Petitioner leave to proceed *in forma pauperis*, ECF No. 2; DISMISSES the petition for a writ of habeas corpus as second or successive; and DENIES a certificate of appealability.  The Clerk shall enter judgment in favor of Respondent and against Petitioner; and close the case.

This order terminates ECF No. 2.

**IT IS SO ORDERED.**

Dated: February 6, 2024

_____
JON S. TIGAR
United States District Judge